UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Elizabeth Allen,<br><br>        Plaintiff,<br><br>v.<br><br>Michael Fuller and XVSOUTH, LLC,<br><br>        Defendants. | Civil Action No. 23-CV-10549-AK |

**MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
PURSUANT TO THE ANTI-SLAPP STATUTE**

**A. KELLEY, D.J.**

On March 13, 2023, Plaintiff Elizabeth Allen ("Allen") filed a complaint bringing eleven claims against Defendants Michael Fuller ("Fuller") and XVSOUTH, LLC ("XVSOUTH"). [Dkt. 1]. On April 21, 2023, Fuller and XVSOUTH filed an answer, and Fuller filed two counterclaims against Allen: procuring false imprisonment through third parties ("Count I") and intentional infliction of emotional distress ("Count II"). [Dkt. 12]. Allen has filed a special motion to dismiss Fuller's counterclaims pursuant to the Massachusetts anti-SLAPP statute, Mass. Gen. Laws ch. 231, § 59H. [Dkt. 16]. Fuller opposes the motion. [Dkt. 21]. For the following reasons, Allen's special motion to dismiss Fuller's counterclaims [Dkt. 16] is **DENIED**.

The Massachusetts anti-SLAPP statute "provide[s] respite from counterclaims that are based 'solely on' … petitioning activity." 477 Harrison Ave., LLC v. JACE Bos., LLC, 134 N.E.3d 91, 102 (Mass. 2019). Claims must be dismissed pursuant to the anti-SLAPP statute if

1

the movant shows that the claims against them are "'based on' [] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Blanchard v. Steward Carney Hosp., Inc., 75 N.E.3d 21, 29 (Mass. 2017) ("Blanchard I") (citation omitted). Fuller's counterclaims against Allen are based on a police report Allen filed in November 2021. Fuller does not dispute that the filing of the police report is "petitioning activity." [See Dkt. 21 at 5]. Since Fuller's counterclaims are based solely on Allen's petitioning activity, they are barred by the anti-SLAPP statute unless Fuller can meet his burden to overcome such dismissal.

Relying on the augmented framework from Blanchard I, Fuller argues that the anti-SLAPP statute does not require dismissal of his counterclaims. [Id. at 5-6]. Under Blanchard I, a defendant may avoid dismissal under the anti-SLAPP statute if the court "may conclude with fair assurance" that (1) the "suit was colorable" and (2) "the suit was not brought primarily to chill the [moving party's] legitimate exercise of its right to petition, i.e., that it was not retaliatory." Blanchard v. Steward Carney Hosp., Inc., 130 N.E.3d 1242, 1249 (Mass. 2019) ("Blanchard II") (citing Blanchard I, 75 N.E.3d at 38) (citations and internal quotation marks omitted). The court must assess the "totality of the circumstances pertinent to the nonmoving party's asserted primary purpose in bringing its claim," including the "course and manner of proceedings, the pleadings filed, and affidavits 'stating the facts upon which the liability or defense is based.'" Blanchard I, 75 N.E.3d at 39 (citing Mass. Gen. Laws ch. 231, § 59H).

Fuller's counterclaims are colorable. To be "colorable," the claims must offer a "reasonable possibility" of a "decision in the party's favor." Id. As to Count I, a "person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by providing false information, causes such restraint to be imposed." Sarvis v. Bos. Safe Deposit & Tr. Co., 711 N.E.2d 911, 921

(Mass. App. Ct. 1999). The facts alleged in Fuller's counterclaim, if true, satisfy this standard. The history and deterioration of the parties' relationship and the circumstances of the alleged assault, including Allen's report to the police, state a colorable claim of procuring false imprisonment by third parties. The police reports are all based solely on Allen's account of events to the police. [See Dkt. 16-1; Dkt. 16-2; Dkt. 16-3; Dkt. 16-4]. Fuller alleges those reports are false and that all criminal charges against him were dismissed. [Dkt. 12 at 15]. The parties' description of that night differ greatly, and this is a factual issue to resolve at a later date.

The alleged facts also state a colorable claim for intentional infliction of emotional distress, which requires a showing "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency[,] and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable [person] could be expected to endure it." McCormick v. Lischynsky, 539 F. Supp. 3d 225, 243 (D. Mass. 2021) (citation omitted). In addition to the facts Fuller alleges regarding his relationship with Allen and the police report, he claims he spent two days in jail, where he was not allowed to call family, and has since suffered "something similar to post-traumatic stress disorder." [Dkt. 12 at 15, 17].

The question, then, is whether Fuller's counterclaims have been brought to chill Allen's petitioning activity. The court may consider "whether the lawsuit was commenced close in time to the petitioning activity; whether the anti-SLAPP motion was filed promptly; the centrality of the challenged claim in the context of the litigation as a whole, and the relative strength of the nonmoving party's claim; evidence that the petitioning activity was chilled; and whether the

damages requested by the nonmoving party . . . themselves burden the moving party's exercise of the right to petition." Blanchard II, 130 N.E.3d at 1250-51.

      Several factors weigh in favor of Fuller's position here.  While Allen at times suggests that Fuller's counterclaims are based on the litigation before this Court, it is clear from Fuller's counterclaims that they are based on the allegedly false police report.  The police report was filed almost two years ago, and Allen now lives in South Carolina.  [See Dkt. 1 at ¶ 1; Dkt. 16-1].  Fuller's lawsuit does not come "close in time" to the protected petitioning activity—here, the police report—and Allen's petitioning activity has not been chilled; the police report and any resultant criminal charges have long been resolved.  Additionally, Fuller's counterclaims respond only to a limited factual subset of Allen's claims.  Allen brings eleven claims against Fuller, most of which focus on an alleged employer-employee relationship.  Only one claim, for assault and battery, relates to the same incident at the heart of Fuller's counterclaims.  [See Dkt. 1 at ¶¶ 128-30].  With all this in mind, it appears that Fuller's counterclaims are "'not primarily brought to chill the special movant's [Allen's] legitimate petitioning activities,' but instead [are] brought to seek redress for harm caused by the moving party's [Allen's] conduct," and the Court must deny Allen's anti-SLAPP motion to dismiss.  Blanchard II, 130 N.E.3d at 1250 (citation omitted).

      **SO ORDERED.**

Dated: July 24, 2023                                          /s/ Angel Kelley
                                                                             Hon. Angel Kelley
                                                                             United States District Judge