UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELIZABETH ALLEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 23-CV-10549-AK |
| MICHAEL FULLER and XVSOUTH, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR RECONSIDERATION OF THE MOTION TO DISMISS THE
COUNTERCLAIM PURSUANT TO THE ANTI-SLAPP STATUTE AND
MOTION TO AMEND**

**ANGEL KELLEY, D.J.**

For the following reasons, Plaintiff's Motion for Reconsideration of the Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute [Dkt. 124] is **DENIED WITHOUT PREJUDICE**. Plaintiff's oral Motion to Amend to add a claim for promissory estoppel is **ALLOWED**. The Court will address each Motion in turn.

**I.     MOTION FOR RECONSIDERATION**

Granting a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). The Court may grant a motion for reconsideration only "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). However, the Court must first

1

address a threshold issue—which is dispositive here—the timeliness of the motion.  "With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late."  <u>Villanueva-Mendez v. Nieves Vazquez</u>, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), <u>aff'd,</u> 440 F.3d 11 (1st Cir. 2006); <u>Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.</u>, 189 F.R.D. 202, 205 (D.P.R. 1999) (citations omitted).

The Original Complaint in this matter was filed on February 13, 2023. [Dkt. 1].  On April 21, 2023, Defendants filed an Answer and the Counterclaims at issue here. [Dkt. 12].  On May 24, 2023, Plaintiff filed a Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute. [Dkt. 16].  The intended early timing of such a Motion underscores its purpose: "In order that such 'disfavored' litigation could 'be resolved quickly with minimum cost to citizens who have participated in matters of public concern,' the act amended G.L. c. 231, inserting § 59H, to provide a procedural remedy for early dismissal of the disfavored SLAPP suits."  <u>Duracraft Corp. v. Holmes Prods. Corp.</u>, 427 Mass. 156, 161-62 (1998); <u>see also</u> <u>Bristol Asphalt, Co. v. Rochester Bituminous Prods., Inc.</u>, 493 Mass. 539, 548 (2024) ("The statute creates a procedural vehicle—known as the special motion to dismiss—intended to secure the early dismissal of a meritless SLAPP claim, along with attorney's fees, before significant discovery has occurred.").  After full briefing, the Court denied the Motion on July 24, 2023. [Dkt. 23].

Approximately seven months after the Court's denial of the special motion to dismiss, on February 29, 2024, the Supreme Judicial Court of Massachusetts modified the framework by which Motions pursuant to the Anti-SLAPP statute are decided.  <u>See generally</u> <u>Bristol Asphalt</u>, 493 Mass. 539.  An Amended Complaint [Dkt. 32] and Answer [Dkt. 34] were filed in March and April 2024.  Plaintiff filed an Answer to the Counterclaim on April 12, 2024, more than a

month after the publishing of <u>Bristol Asphalt</u>. [Dkt. 35].  The case continued through discovery and dispositive motion practice, with the Court setting trial for December 15, 2025 on July 9, 2025 [Dkt. 79] and resolving the Defendants' Motion for Partial Summary Judgement on August 20, 2025. [Dkt. 80].  No mention was made of the intervening change in law in either the Joint Pretrial Memorandum [Dkt. 81], filed on October 29, 2025, or in Plaintiff's Trial Brief [Dkt. 104], filed on November 26, 2025.

Plaintiff filed the instant Motion for Reconsideration based on an intervening change in law [Dkt. 124] on December 10, 2025, just five days before trial and one year, nine months, and 12 days following the release of the change in law upon which the Motion relies.  With all of this in mind, this Court must answer the question: Is this Motion unreasonably late?  The answer is resoundingly, yes.

The fundamental purpose of a special motion to dismiss is to allow the early dismissal of chilling counterclaims, dealing with their dismissal on an expedited basis to preserve the parties' and the Court's resources.  Nonetheless, nearly two years after an intervening change in the law, and five days before a trial which has been set for five months, the Plaintiff filed this Motion for Reconsideration.  This dilatory motion practice by a party represented by four competent and talented attorneys is unreasonable.  Additionally, while there is little impact on the evidence to be presented at trial based on the counterclaims, the distraction based on this additional motion practice just days before trial is certainly prejudicial to the defense.  As the Motion for Reconsideration is unreasonably late, the Motion is **DENIED WITHOUT PREJUDICE**.  Notwithstanding this Order, such an issue can still be addressed in an appropriately filed post-trial motion.

## II. MOTION TO AMEND

The Motion to Amend, although similarly late, is **ALLOWED**. While there is little doubt that the Motion to Amend to include a separate claim for promissory estoppel should have been done earlier, there is also little doubt, acknowledged by the Defendants, that this theory of the case has been clear throughout the litigation. To allow the Motion would not require additional discovery or costs, a postponement of trial, or even an alteration in trial tactics or strategy. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . .'" (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)). Because of this lack of prejudice, the Court finds it appropriate to allow the addition of the claim for promissory estoppel.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of the Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute [Dkt. 124] is **DENIED WITHOUT PREJUDICE**. Plaintiff's oral Motion to Amend to add a claim for promissory estoppel is **ALLOWED**.

**SO ORDERED.**

Dated: December 11, 2025                              /s/ Angel Kelley
                                                                                         Hon. Angel Kelley
                                                                                         United States District Judge