## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ELIZABETH ALLEN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
|  | ) Civil Action No. 23-cv-10549-AK |
| v. | ) |
|  | ) |
| MICHAEL FULLER and | ) |
| XVSOUTH, LLC, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

**ANGEL KELLEY, D.J.**

Before the Court is Plaintiff's Motion for Judgment as a Matter of Law [Dkt. 146], properly made following the close of the Defendants' case. Plaintiff moved for a directed verdict under Fed. R. Civ. P. 50(a) on Defendants' counterclaims and her own claim for breach of contract as to the value of her furniture included in the sale of the Property. Defendants' opposed this Motion. [Dkt. 147].

The Court may enter a verdict on behalf of the moving party when the non-moving party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). "A directed verdict is proper when the evidence leads to but one conclusion. The evidence and all reasonable inferences which may be drawn therefrom must be construed in the light most favorable to the nonmoving party. The trial court is not free

1

to make credibility determinations or to weigh the evidence." Jordan-Milton Mach., Inc. v. F/V Teresa Marie, II, 978 F.2d 32, 34 (1st Cir. 1992) (citation omitted).

First, this Court finds, making all reasonable inferences in favor of the nonmoving party and avoiding credibility determinations or a weighing of the evidence, a reasonable jury could find in favor of the Defendants on all three claims. Second, this Court agrees that a mid-trial Motion for Judgment as a Matter of Law is not the correct forum to address any additional argument as to the anti-SLAPP provision. The Court notes, as it did in its prior Order, that Plaintiff's prior Motion for Reconsideration was "unreasonably late, [but, n]otwithstanding this Order, such an issue can still be addressed in an appropriately filed post-trial motion." [Dkt. 126].

Thus, for the foregoing reasons, Plaintiff's Motion for Judgment as a Matter of Law [Dkt. 146] is **DENIED**.

**SO ORDERED.**

Dated: January 7, 2026  /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge