**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| ELIZABETH ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 23-CV-10549-AK |
| v. | ) | |
| | ) | |
| MICHAEL FULLER and | ) | |
| XVSOUTH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO ALTER JUDGMENT**

**ANGEL KELLEY, D.J.**

On December 19, 2025, the jury returned a partial verdict in favor of Plaintiff Elizabeth Allen on her claim of promissory estoppel and breach of contract as to her furniture, while finding against her on her other claims, including under the Massachusetts Wage Act. [Dkt. 153]. The jury also found against the Defendants as to their counterclaims. [Id.]. On December 22, 2025, Plaintiff filed a Motion to Alter Judgment, pursuant to Fed. R. Civ. P. 59, requesting the Court amend the judgment as to her Wage Act claim or otherwise order a new trial. [Dkt. 150]. The Defendants opposed [Dkt. 164] and Plaintiff was allowed to file a reply. [Dkts. 166; 167]. For the following reasons, Plaintiff's Motion to Alter Judgment is **DENIED**.

I.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 59 provides an avenue by which a party can move either for a new trial or to amend the final judgement. Fed. R. Civ. P. 59.  "Rule 59(a) 'authorizes a district court to override a jury verdict and order a new trial "if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice."'"

1

Maroney as Tr. of Premiere Realty Tr. v. Fiorentini, 732 F. Supp. 3d 127, 135 (D. Mass. 2024) (quoting Teixeira v. Town of Coventry by & through Przybyla, 882 F.3d 13, 16 (1st Cir. 2018)). While Fed. R. Civ. P. 59(a) allows the Court to order a new trial, Fed. R. Civ. P. 59(e) allows the Court to alter or amend the final judgment. "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). "[D]istrict courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e). That discretion requires a balancing of the need for finality of judgments with the need to render a just decision." Venegas-Hernandez v. Sonolux Recs., 370 F.3d 183, 190 (1st Cir. 2004) (citation omitted). Importantly, "[a] motion to alter or amend judgment pursuant to Rule 59(e) may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's seventh amendment right to a jury trial." Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 742 (1st Cir. 1982).

## II.    VERDICT SLIP

Although not entirely clear, Plaintiff seemingly makes two claims justifying either a new trial or an amended judgment, with the first being that the use of the word "wages" instead of "commission" in Question 22 of the verdict slip was confusing to the jury. The Court finds this argument unavailing. Beyond the fact that the term "wages" in a question for the jury on a Wage Act claim would seem uncontroversial, the jury instructions specifically include that "'[w]ages' can cover commissions, but only after the amount of the commission has been determined and the commission has become payable under the agreement between employer and employee." The instructions later continue, "Ms. Allen must prove that she earned a commission and that the Defendants failed to pay her the agreed-upon amount for her work. The agreement between the

2

employee and the employer determines what the employee's commission was. The agreement can be in writing, but it does not have to be."  Together, it is clear the wages at issue are Plaintiff's claim to the commission.  Considering "[w]e presume that juries follow instructions," the Court cannot find that sufficient confusions exists as to the use of the word "wages" in Question 22 of the verdict slip such that the instruction was contrary to law or there is a risk of a "miscarriage of justice" requiring a new trial, or there exists "a manifest error of law" counseling amendment of the judgment. United States v. Gonzalez-Vazquez, 219 F.3d 37, 48 (1st Cir. 2000) (citing United States v. Woodward, 149 F.3d 46, 73 (1st Cir.1998)); Fed. R. Civ. P. 59(a), (e).

## III.    INCONSISTENT VERDICTS

Turning to the second claim, the Court agrees with Defendants that Plaintiff's Motion is, in effect, a claim that the jury's findings were inconsistent.  Although Plaintiff couches her Motion in stating that judgment should be entered "as a matter of law," the claim is based on what the Plaintiff views as contrary factual findings between Questions eight through 12 of the verdict slip, in which the jury found in favor of Plaintiff on a promissory estoppel theory, and Question 22, in which the jury found that Plaintiff did not earn wages according to the terms of her employment with the Defendants.

Courts are "reluctant to order a new trial on the basis of inconsistent jury verdicts." Davignon v. Hodgson, 524 F.3d 91, 109 (1st Cir. 2008).  "The court 'must attempt to reconcile the jury's findings, by exegesis if necessary . . . before [it is] free to disregard [them].'" Acevedo-Diaz v. Aponte, 1 F.3d 62, 74 n.15 (1st Cir. 1993) (quoting Gallick v. Balt. & Ohio R. Co., 372 U.S. 108, 119 (1963)).  "This exercise involves determining whether the jury could have, consistent with its instructions, rendered the challenged verdicts. In undertaking this analysis [the Court must] view the facts in the light most favorable to the verdict." Davignon,

3

524 F.3d at 109.  "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." ITyX Sol. AG v. Kodak Alaris, Inc., 952 F.3d 1, 11 (1st Cir. 2020) (citation omitted).

Here, there are several ways to reconcile the jurors' findings as to promissory estoppel, the Wage Act, and the other claims, including breach of contract.  First, the jury may have found that no commission was definitely determined and due and payable, as required for the Wage Act claim, because there was no agreement between the parties.  Although the jury found the necessary elements for promissory estoppel, it is notable that the jury specifically found that no contract existed between the parties: The jury answered "No" when asked if the Defendants contracted with Ms. Allen for the payment of a commission in exchange for her services in Question 1 of the verdict slip.  Thus, the jury could have found that Defendants made a promise and Plaintiff detrimentally relied on that promise such that an award of damages was appropriate, but that does not mean that the commission had been determined and become payable under the *agreement* between employer and employee—an agreement the jury may have found did not exist.  Second, as stated by the Defendants, the jury similarly may have found there was no meeting of the minds as to the work required or the circumstances under which the commission would be paid, thus determining that Ms. Allen had not earned the commission "according to the terms of her employment," as stated in Question 22 and the jury instructions. [Dkt. 164 at 9]. Again, in those circumstances, while a sufficient promise and reliance may exist for promissory estoppel, the commission may not have been sufficiently determined or due and payable, as required by the Wage Act.  Although other circumstances may exist resolving these *perceived* inconsistencies, at the very least, both of the above circumstances allow for a reconciliation of the existing jury verdict.  This finding also prevents the Court from "undermin[ing] the jury's

4

fact-finding role and trampl[ing] on the defendant's seventh amendment right to a jury trial." Robinson, 685 F.2d at 742.  To find otherwise "would require a reexamination of the facts found by the jury and a finding of liability where the jury had expressly found none." Id.  As a result, again, the ability to reconcile the jury's findings establishes that the questions and verdict were not contrary to law and there is no risk of a "miscarriage of justice" requiring a new trial, or "a manifest error of law" counseling amendment of the judgment.

The Court has additional reason to deny the Plaintiff's request to order a new trial or amend the judgment based on the Plaintiff's perceived inconsistencies.  "Objections to the inconsistency of verdicts under Federal Rule of Civil Procedure 49(b) . . . 'must be made after the verdict is read and before the jury is discharged.' Further, a forfeiture results from a failure to object to general verdicts as well as to general verdicts with written interrogatories upon one or more issues of fact." Maroney, 732 F. Supp. 3d at 152 (quoting Babcock v. Gen. Motors Corp., 299 F.3d 60, 63 (1st Cir. 2002)). "The requirement to object to an inconsistent verdict is 'an "iron-clad rule" in' the First Circuit." Id. at 153 (quoting In re Nexium (Esomeprazole) Antitrust Litig., 842 F.3d 34, 59 (1st Cir. 2016)); Wennik v. Polygram Grp. Distrib., Inc., 304 F.3d 123, 130 (1st Cir. 2002) ("This Circuit follows the iron-clad rule that a party 'waives [the issue of] inconsistency if it fails to object after the verdict is read and before the jury is dismissed.'") (first quoting Toucet v. Mar. Overseas Corp., 991 F.2d 5, 8 (1st Cir. 1993); then citing Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 155-56 (1st Cir. 1992); then citing Austin v. Lincoln Equip. Assocs., Inc., 888 F.2d 934, 939 (1st Cir. 1989); and then citing McIsaac v. Didriksen Fishing Corp., 809 F.2d 129, 134 (1st Cir. 1987)).

Here, after reading the verdict, the Court asked counsel for both parties: "[I]s there anything further of this jury?"  It was the responsibility of Plaintiff's counsel, no matter the time

of day or year, to raise any concern about a perceived inconsistency. See Trainor v. HEI Hosp., LLC, 699 F.3d 19, 34 (1st Cir. 2012) (rejecting the argument that a party did not waive a claim of inconsistency because the "district court never inquired as to whether any party wished to comment"). Courts are particularly unforgiving when the parties have the verdict form in advance and it "foreshadowed a potential inconsistency," as was the case when considering the breach of contract, promissory estoppel, and Wage Act claims. See Maroney, 732 F. Supp. 3d at 153; Howard v. Antilla, 294 F.3d 244, 250-51 (1st Cir. 2002) (finding forfeiture based on a failure to object to inconsistent verdicts before the jury was discharged given the close similarity between the claims).

Additionally, "the [Plaintiff] had a second opportunity to raise the issue when, immediately after excusing the jury, the court asked the parties if they wished to raise anything." Maroney, 732 F. Supp. 3d at 153. Specifically, after excusing the jury, the Court asked, "Anything further for me, Counsel?" Nothing was raised by the parties. "[T]he court had the authority to reconvene the jury at that time because only two or three minutes had passed, the jurors were in the process of returning to the jury room to collect their belongings, and it is unlikely they had spoken to anyone regarding their deliberations." Id. (citing Dietz v. Bouldin, 579 U.S. 40, 42 (2016) ("hold[ing] that a federal district court has the inherent power to rescind a jury discharge order and recall a jury for further deliberations after identifying an error in the jury's verdict" in a civil case)).

Thus, while the verdicts, with which the Court agrees, can, in fact, be reconciled based on the evidence adduced at trial, the Plaintiff's failure to object to the "inconsistency" before the jury was discharged, or even within a few minutes after their discharge, forfeited the inconsistency challenge.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter Judgment [Dkt. 150] is **DENIED**. Question 22 did not cause sufficient confusion for the jury such that the Court should grant Plaintiff's Motion, nor was there sufficient inconsistency in the jury's findings.  Even if such inconsistency existed, the Plaintiff failed to timely object and forfeited such a challenge.

**SO ORDERED.**

Dated: March 23, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge