**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ELIZABETH ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 23-CV-10549-AK |
| v. | ) | |
| | ) | |
| MICHAEL FULLER and | ) | |
| XVSOUTH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS'**
**MOTION TO CALCULATE PREJUDGMENT INTEREST**
**FROM THE DATE OF THE COMMENCEMENT OF THE ACTION**

**ANGEL KELLEY, D.J.**

On December 19, 2025, the jury returned a partial verdict in favor of Plaintiff Elizabeth Allen on her claim of promissory estoppel and breach of contract as to her furniture, while finding against her on her other claims, including under the Massachusetts Wage Act. [Dkt. 153]. The jury also found against the Defendants as to their counterclaims. [Id.]. On February 3, 2026, Defendants filed a Motion to Calculate Prejudgment Interest from the Date of the Commencement of the Action. [Dkt. 168]. The Plaintiff opposed [Dkt. 170] and Defendants were allowed to file a reply. [Dkts. 173; 175]. For the following reasons, Defendants' Motion to Calculate Prejudgment Interest from the Date of the Commencement of the Action is **DENIED**.

**I.    DISCUSSION**

As an initial matter, Plaintiff argues Defendants' Motion to Calculate Prejudgment Interest from the Date of the Commencement of the Action [Dkt. 168] is premature based on her Motion to Alter the Judgment [Dkt. 150] in regard to her Wage Act claim. [Dkt. 170 at 1-2]. The

1

Court has now declined to alter or amend the judgment or otherwise order a new trial. As a result, it is appropriate to resolve the instant Motion.

The Court first must determine the law applicable to the determination of pre-judgment interest. "Where, as in this case, jurisdiction is based on diversity, familiar principles control. '[F]ederal courts sitting in diversity jurisdiction are obligated to apply state law unless applicable federal procedural rules are sufficiently broad to control a particular issue before the court.'" Com. Union Ins. Co. v. Walbrook Ins. Co., Ltd., 41 F.3d 764, 772 (1st Cir. 1994) (quoting Daigle v. Me. Med. Ctr., Inc., 14 F.3d 684, 689 (1st Cir. 1994)). The First Circuit has determined that where Massachusetts law governs the substance of the underlying transaction, "a court should apply Massachusetts law in calculating prejudgment interest." Id. at 774; Fratus v. Republic W. Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998) ("In diversity cases, state law must be applied in determining whether and how much pre-judgment interest should be awarded."); Pac. Ins. Co. v. Eaton Vance Mgmt., 260 F. Supp. 2d 334, 345 (D. Mass. 2003) ("A federal district court sitting in Massachusetts and presiding over a diversity action should apply Massachusetts law in calculating prejudgment interest.") (reversed on other grounds). As Massachusetts law governs Plaintiff's claims as to both promissory estoppel and breach of contract, the Court must start by applying Massachusetts law in calculating prejudgment interest.

According to Massachusetts law, "[i]n all actions based on contractual obligations, upon a verdict, . . . interest shall be added by the clerk of the court to the amount of damages, . . . at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added . . . from the date of the commencement of the action . . . ." Mass. Gen. Laws ch. 231, § 6C. "Establishing the date of breach or demand is a determination for the trier of fact, and, where trial has proceeded before a

2

jury, neither the judge nor an appellate court can make such a determination." <u>Deerskin Trading Post, Inc. v. Spencer Press, Inc.</u>, 495 N.E.2d 303, 308 (Mass. 1986); <u>Hlatky v. Steward Health Care Sys., LLC</u>, 144 N.E.3d 229, 249 (Mass. 2020) (Gants, C.J., concurring in part and dissenting in part) ("Establishing the 'date of an alleged breach is a question of fact for the trier of fact.' Where a trial has proceeded before a jury, neither the trial judge nor an appellate court may make such a determination.") (quoting <u>Karen Constr. Co. v. Lizotte</u>, 484 N.E.2d 1011, 1015 (Mass. 1985)). "If the judge does not instruct the jury to make a special finding as to the date of the breach, and the plaintiff fails to object to that omission, interest properly runs from the date of the complaint." <u>Hlatky</u>,144 N.E.3d at 249 (Gants, C.J., concurring in part and dissenting in part). Of note, under Massachusetts law, "the availability of evidence in the record 'does not satisfy the requirement that the trier of fact establish the date for breach.'" <u>Id.</u> at 250 (quoting <u>Aimtek, Inc. v. Norton Co.</u>, 69 Mass. App. Ct. 660, 668 (2007)). At base, "the burden rests with the plaintiff to establish the date of breach. Where the plaintiff fails to request a special finding during a jury trial (or object to its omission), and fails otherwise to meet that burden, prejudgment interest properly runs from the date the complaint was filed . . . ." <u>Id.</u>

Here, Plaintiff neither requested that the jury make a special finding as to the date of the breach underlying the claim for promissory estoppel or the breach of contract as to the furniture, nor objected to the Court's failure to include such a question on the verdict slip. Under Massachusetts law, that would seemingly end the inquiry, requiring prejudgment interest from the date of the commencement of the action, as requested by Defendants. However, according to the First Circuit, the inquiry should and does not end there.

In <u>Boston Gas Company v. Century Indemnity Company</u>, 529 F.3d 8 (1st Cir. 2008), the First Circuit directly addressed the question of who determines the date from which prejudgment

interest must be calculated in diversity suits.  There, the court found that although "Massachusetts courts have repeatedly stated that, where a case is tried to a jury, the jury is to pass on the question of whether and when (for purposes of section 6C) breach occurred or a demand was made" and "[f]ederal courts in diversity cases are bound to follow state substantive law, [] whether a judge or jury should decide an issue is a matter of court practice or procedure. Byrd v. Blue Ridge Rural Electrical Cooperative, Inc., 356 U.S. 525 (1958), expressly decided that the distribution of issues between judge and jury is 'not bound up with rights and obligations,' so as to commit a federal court to follow the state rule." Bos. Gas Co., 529 F.3d at 21 (citation omitted); Price Chopper, Inc. v. Consol. Beverages, LLC, No. 09-CV-10617-FDS, 2012 WL 13389261, at *2 (D. Mass. June 18, 2012) ("This [] principle, however, is not binding on federal courts in diversity cases, as the distribution of issues between judge and jury is not bound up with rights and obligations so as to commit a federal court to follow the state rule.") (internal quotation marks and citations omitted).  In determining the date of the breach or demand, "in a federal court federal practice governs *who* determines that date." Bos. Gas Co., 529 F.3d at 21.  While, in similar circumstances, courts have referred to state practice, and "[i]n federal practice, usually the jury is required to pass on all elements of damages[,] . . . prejudgment interest is routinely added by the judge on motion to alter or amend . . . based on 'considerations of fairness' whether to award interest at all and at what rate. If interest were required to be awarded from a certain date by right, and there were a genuine factual dispute as to that date, then a federal court might yield to the jury; but even this is not beyond doubt since judges do determine facts in certain contexts." Id. at 21-22; Price Chopper, Inc., 2012 WL 13389261, at *2.

Thus, in diversity jurisdiction cases, federal courts may look to the record, contrary to Massachusetts law, to determine if the date of the breach or demand has been sufficiently established, whether or not the jury considered the question.  In addition to looking at the record, courts should continue to consider state practice and, based on considerations of fairness, determine if the record suffices to establish the date of the breach or demand.  In Boston Gas Company, no breach or demand had been established in the record, so the court only ordered prejudgment interest from the date the suit commenced. 529 F.3d at 22.  Further elucidating the point, in another case, Price Chopper, Inc., a court in this District declined to make a determination as to the date of the breach or demand where the factual disputes in the case were particularly complex. 2012 WL 13389261, at *2.  With these principles in mind, the Court will turn to the facts in the record of this case to determine if the date of the breach or demand has been established as to each claim.

### A.  Breach of Contract as to Furniture

As established at trial, Plaintiff and Defendant Fuller agreed, on October 13, 2021, that Fuller would pay Plaintiff the replacement value of her furniture three days after the closing of the sale of the house at 15 South Street. [Dkt. 170 at 3 (citing Trial Exhibit 52)].  That day, October 24, 2021, came and went without payment.  Thus, the record clearly establishes the date of the breach as October 24, 2021.  Considerations of fairness and these specific facts counsel the award of prejudgment interest on the damages for breach of contract as to the furniture, $68,729, at a rate of 12 per cent per annum from the date of this breach, October 24, 2021.

### B.  Promissory Estoppel as to the Commission

Establishing the date of breach as to the commission is similarly clear in the record. Evidence was provided, and accepted by the jury, that Defendant Fuller made an offer or

promise to pay a five percent commission on the final sale price.  Thereafter, the house sold for $6,250,000, five percent of which is $312,500, representing the final damages amount.  As stated by Plaintiff, "Mr. Fuller received a multi-million dollar return on his investment, and the associated real estate brokers split a 5% commission 'at the time set for closing,' which was 'due upon the sale of the property.'" [Dkt. 170 at 3].  All conditions precedent of Defendant Fuller's promise had been settled following the sale of the house and in line with the closing on October 21, 2021. [Id.].  Thus, there is sufficient evidence in the record that Defendants should have paid Plaintiff's commission at the same time as the other owed commission(s) and the closing date was the date of the breach as to Plaintiff's commission.  Therefore, the Court orders the award of prejudgment interest on the damages under the theory of promissory estoppel, $312,500, at a rate of 12 per cent per annum from the date of the breach (closing date of the home sale), October 21, 2021.

## II.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Calculate Prejudgment Interest from the Date of the Commencement of the Action [Dkt. 168] is **DENIED**.  As the date of the breach can be sufficiently determined, the Court orders the award of prejudgment interest on the damages for breach of contract as to the furniture, $68,729, at a rate of 12 per cent per annum from the date of the breach, October 24, 2021.  Similarly, as to the recovery under the theory of promissory estoppel, the Court orders the award of prejudgment interest on the damages, $312,500, at a rate of 12 per cent per annum from the date of the breach, October 21, 2021.

**SO ORDERED.**

Dated: March 23, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

6