**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| ELIZABETH ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 23-CV-10549-AK |
| v. | ) | |
| | ) | |
| MICHAEL FULLER and | ) | |
| XVSOUTH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S**
**RENEWED MOTION FOR RECONSIDERATION OF THE MOTION TO DISMISS**
**THE COUNTERCLAIM PURSUANT TO THE ANTI-SLAPP STATUTE**

**ANGEL KELLEY, D.J.**

On December 19, 2025, the jury returned a partial verdict in favor of Plaintiff/Counter-Defendant Elizabeth Allen on her claim of promissory estoppel and breach of contract as to her furniture, while finding against her on her other claims, including assault & battery. [Dkt. 153]. The jury found against the Defendants/Counter-Plaintiffs as to their counterclaims. [Id.]. On December 10, 2025, the week before trial, Plaintiff filed a Motion for Reconsideration of the Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute. [Dkt. 124]. The Court denied that Motion, finding the Plaintiff's filing was unreasonably late, but stated the Plaintiff could renew her Motion post-trial. [Dkt. 126]. On February 4, 2026, Plaintiff did in fact file a Renewed Motion for Reconsideration of the Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute [Dkt. 169], which the Defendants oppose. [Dkt. 171]. Plaintiff filed a reply on February 25, 2026 [Dkt. 175] and provided further Notice of Supplemental Authorities on March 4, 2026. [Dkt. 176]. For the reasons stated below, the Court sees little reason to disturb

1

its prior ruling(s) and Plaintiff's Renewed Motion for Reconsideration of the Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute is **DENIED**.  Despite Plaintiff's request, the Court has sufficient information to resolve this Motion without oral argument.

## I.    LEGAL STANDARD

Granting a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted).  The Court may grant a motion for reconsideration only "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  However, the Court must first address a threshold issue—which is dispositive here—the timeliness of the motion.  "With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late." Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006); Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999).

## II.    BACKGROUND

Although laid out in the prior Order [Dkt. 126 at 2-3], the Court will repeat the relevant background here.

The Original Complaint in this matter was filed on March 13, 2023. [Dkt. 1].  On April 21, 2023, Defendants filed an Answer and the Counterclaims at issue here. [Dkt. 12].  On May 24, 2023, Plaintiff filed a Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute. [Dkt. 16].  The intended early timing of such a Motion underscores its purpose: "In order that such 'disfavored' litigation could 'be resolved quickly with minimum cost to citizens who

have participated in matters of public concern,' the act amended G.L. c. 231, inserting § 59H, to provide a procedural remedy for early dismissal of the disfavored SLAPP suits." Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161-62 (1998); see also Bristol Asphalt, Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 548 (2024) ("The statute creates a procedural vehicle—known as the special motion to dismiss—intended to secure the early dismissal of a meritless SLAPP claim, along with attorney's fees, before significant discovery has occurred."). After full briefing, the Court denied the Motion on July 24, 2023. [Dkt. 23].

Approximately seven months after the Court's denial of the special motion to dismiss, on February 29, 2024, the Supreme Judicial Court of Massachusetts (the "SJC") modified the framework by which motions pursuant to the Anti-SLAPP statute are decided. See generally Bristol Asphalt, 493 Mass. 539.  Nearly a month later, on March 19, 2024, Plaintiff filed an Amended Complaint. [Dkt. 32].  Defendants filed their Answer on April 2, 2024, while also reasserting their counterclaims. [Dkt. 33].  Plaintiff then filed an Answer to the Counterclaim on April 12, 2024 [Dkt. 35], more than a month after the publishing of Bristol Asphalt, but did not file a renewed Motion to Dismiss pursuant to the Anti-SLAPP statute.  The case continued through discovery and dispositive motion practice, with the Court setting trial for December 15, 2025, on July 9, 2025 [Dkt. 79], and resolving the Defendants' Motion for Partial Summary Judgment on August 20, 2025. [Dkt. 80].  No mention was made of the intervening change in law in either the Joint Pretrial Memorandum [Dkt. 81], filed on October 29, 2025, or in Plaintiff's Trial Brief [Dkt. 104], filed on November 26, 2025.

Plaintiff then filed her original Motion for Reconsideration based on an intervening change in law on December 10, 2025 [Dkt. 124], just five days before trial and one year, nine months, and 12 days following the publishing of the change in law upon which the Motion

relied.  As stated in the Court's ruling on that Motion, "this Court must answer the question: Is this Motion unreasonably late?" [Dkt. 126 at 3].  At the time, the Court stated: "The answer is resoundingly, yes.  The fundamental purpose of a special motion to dismiss is to allow the early dismissal of chilling counterclaims, dealing with their dismissal on an expedited basis to preserve the parties' and the Court's resources.  Nonetheless, nearly two years after an intervening change in the law, and five days before a trial which has been set for five months, the Plaintiff filed this Motion for Reconsideration.  This dilatory motion practice by a party represented by four competent and talented attorneys is unreasonable." [Id.].

To reiterate, in the more than two years since the intervening change in law, the parties have made numerous filings, undertaken several oral arguments, and resolved dispositive pre-trial motions, yet failed to renew the Special Motion to Dismiss under the Anti-SLAPP statute based on the intervening change in law.  On its own, this would be sufficient to justify a determination of unreasonable delay.

Notwithstanding the above, more troublesome for the Court is the timeline of filings in this case.  Here, the SJC decided Bristol Asphalt on February 29, 2024.  After filing an Amended Complaint, Defendants filed their Answer and asserted counterclaims on April 2, 2024, more than a month after the "intervening" change in law.  Yet, despite the established change in law, on April 12, 2025, Plaintiff answered the counterclaims, failing to file any type of motion to dismiss.  There is little justification for failing to file the instant Motion then.  Of note, Plaintiff fails to offer any justification for failing to file this Motion at that time, despite Defendants' argument in their Opposition and this Court's prior order, in which it already indicated its belief that there was unreasonable delay.  Instead, Plaintiff simply relies on the statute, which states that, generally, a special motion to dismiss "may be filed within sixty days of the service of the

4

complaint or, in the court's discretion, at any later time upon terms it deems proper." Mass. Gen. Laws ch. 231, § 59H (2022).  Failing to file the instant Motion within 60 days of the Amended Complaint, at a time when Plaintiff had access to all of the necessary information, including the intervening change in law, does not establish terms the Court deems proper for filing now. While not on a motion for reconsideration, another court in this District found that failing to file an Anti-SLAPP Motion to Dismiss within 60 days was not excused by the SJC's holding in Bristol Asphalt Co.  There, the filing party attempted to explain its delay of over a year by saying, "[a]t the time of filing his motion to dismiss . . . the controlling legal framework for interpreting Massachusetts' anti-SLAPP statute had not yet been clarified by the Massachusetts Supreme Judicial Court's [ ] decision in Bristol Asphalt Co. v. Rochester Bituminous Products, Inc., 493 Mass. 539 (2024)." Greenspan v. MasMarques, No. 23-CV-10134-DJC, 2025 WL 2234498, at *2 n.5 (D. Mass. July 14, 2025) (alterations in original) (internal quotation marks omitted).  In response, the Court stated, "[t]o the extent [the defendant] intends to rely on Bristol Asphalt Co. to excuse his delay, that argument is unpersuasive as the decision was published in February 2024, more than a year before this motion was filed." Id.  Here, where the Plaintiff had the opportunity to timely file the Motion with the benefit of Bristol Asphalt Co., yet still waited more than two years, there is no justification for the unreasonable delay.

Moreover, the prejudice to Defendants is clear.  Even calculating from April, 2024, when the Amended Complaint was filed, Plaintiff is requesting years of attorney's fees based on countless hours of litigation and resources expended by the parties and the Court.  To require the payment of such fees now, when this Motion could and should have been filed nearly two years ago, cannot be allowed.

In light of the above, the Court finds the filing of the instant Motion unreasonably late and as a result, must be denied.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for Reconsideration of the Motion to Dismiss the Counterclaim Pursuant to the Anti-SLAPP Statute [Dkt. 169] is **DENIED**.

**SO ORDERED.**

Dated: March 23, 2026                                    /s/ Angel Kelley
                                                                      Hon. Angel Kelley
                                                                      United States District Judge

6